## STATE OF LOUISIANA *v.* L. PORTE.

9 105
45 651
9 105
115 507

The 1st section of the Act of March 18th, 1852, entitled "An Act to suppress more effectually trade and barter with slaves," provides that "any person or persons who shall buy, sell or receive of, to or from any slave or slaves, any corn, hay, fodder, meal, spirituous liquors or other produce or commodity whatever, without the consent of the master, owner, overseer or employer of such slave or slaves, shall be guilty of a high misdemeanor." The indictment under the section charged the defendant with having sold spirituous liquors to a slave, and negatived the fact of the consent in writing of the master, owner, overseer or employer, following literally the language of the statute, in so far as it describes the offence. *Held :* That the indictment sufficiently set forth the offence.

The accused elected to be tried by the court rather than by a jury, on a charge of selling liquor to a slave. On the trial the prosecution proved that the slave entered the store of the accused, which was shut behind him; that it was afterwards opened, when the slave came out with a jug of whiskey in his hand. The accused excepted to the introduction of the evidence. *Held :* That by electing to be tried by the court, the accused has placed it out of his power to present this question to the Supreme Court; it could have been presented if the trial had been by jury, by asking instructions of the court; the question might then have been brought up by exception, but for anything that appeared *direct proof* of the sale of the whiskey by the accused, might have been made.

APPEAL from the District Court of the Parish of Pointe Coupée, *Cooley*, J., *Isaac E. Morse*, Attorney General, for the State. *Provosty* and *Farrar*, for the accused.

CAMPBELL, J. The defendant having been found guilty of selling spirituous liquors to a slave, without the consent in writing of his master, owner, overseer or employer, moved in arrest of judgment, on the ground that the indictment contains no allegation of any of the facts, which, under the 3d section of the Act of 1852, would go to rebut the general presumption of innocence, and to create a presumption of guilt. This motion having been overruled, the defendant was by judgment of the court, sentenced to pay a fine of three hundred and ten dollars and to be imprisoned for the term of one month; from which judgment he has prosecuted this appeal.

Besides the overruling of the motion in arrest of judgment, defendant assigns as error the ruling of the court, in receiving testimony which was objected to for reasons expressed in a bill of exceptions taken on the trial.

First, as regards the motion in arrest of judgment. The causes on which this motion may be grounded are confined to objections which arise upon the face of the record itself, and which make the proceedings apparently erroneous. We shall therefore not notice in this connection what is said in the motion in relation to the reception of the evidence, but will advert to it in passing upon the matters presented by the bill of exceptions.

The indictment is framed on the 1st section of the Act of March 18, 1852, entitled " an Act to suppress more effectually trade and barter with slaves;" and not on the 3d section, as is assumed by defendant. The 1st section provides that any person or persons who shall buy, sell or receive of, to or from, any slave or slaves, any corn, hay, fodder, meal, spirituous liquors or other produce or commodity whatever, without the consent, in writing, of the master, owner, overseer or employer of such slave or slaves, shall be guilty of a high misdemeanor," etc., and on conviction shall be sentenced, etc. The indictment charges the defendant under this section with having *sold* spirituous liquors to a slave. It negatives the fact of the consent in writing of the master, owner, overseer, or employer, following literally the language of the Statute in so far as

it describes the offence. The crime is charged with certainty and precision, with a complete description of such facts as constitute it. The defendant, upon hearing it read, would clearly understand the charge he was called upon to answer and the court could feel no doubt as to the judgment to be pronounced upon conviction. The motion in arrest of judgment was properly overruled.

The bill of exceptions is as follows:

"Be it remembered that on the trial of this cause, the District Attorney offered to prove by one *Mays*, a witness for the State, that a slave entered the store of the accused, which was shut behind him; that it was afterwards opened, when the slave came out with a jug of whiskey in his hand; to the introduction of which the accused, by his counsel, objected on the ground that there was no allegation in the indictment, that said slave entered said store and remained there, and that there were no allegations which would raise the presumption of law, created by the 3d section of an Act approved the 18th March, 1852, under which Act the indictment is framed, and without which allegations no facts could be proved, going to raise such presumptions of guilt; which objections were overruled and the testimony received," etc.

The only question here presented upon which we can pass, is as to the admissibility of the evidence, not as to its effect. Was it competent testimony under the indictment? not whether it was, in itself, sufficient to establish a sale and sustain a conviction. For aught that appears, the prosecution may not have relied for a conviction upon the presumptions established by the 3d section of the Statute; direct proof of the sale may have been administered.

If the trial had been by jury, and the counsel for the defendant had asked the court to charge the jury, that upon this indictment (there being no allegation or statement of the facts which by the Statute creates the presumption of guilt) the defendant could not be convicted upon evidence merely, that the slave was seen to come out of the defendant's shop with a bottle of liquor in his hand, unaccompanied by any other proof of sale; the question which he desires to have decided by this court would have been before us; but on the record, the question is not presented.

For aught that appears, the testimony was properly received.

Judgment affirmed.

On a re-hearing; CAMPBELL, J. In refusing the re-hearing applied for by the appellant, we think it proper to remark that the fact of the accused having been tried by the court and not by a jury, did not escape our observation in the examination of the record. That portion of the opinion of the court from which the inference is drawn by appellant's counsel, was introduced for the purpose alone of indicating a mode in which the question that he desired to be decided, could have been presented to the court, *if the trial had been by jury*, which words having been inadvertently omitted in the opinion of the court as delivered, have been since inserted.

If the accused, by electing to be tried by the court, rather than by a jury, has placed it out of his power to avail himself of the means of presenting on appeal questions which could have been presented if the trial had been by jury, we cannot relieve him.

Re-hearing refused.